OPINION
{¶ 1} Defendant-appellant Jamie A. Elliott appeals from his conviction and sentence, following a no-contest plea, for Breaking and Entering, Theft, Possession of Drugs, Engaging in a Pattern of Corrupt Activity, and Conspiracy to Engage in a Pattern of Corrupt Activity. Elliott contends that the trial court erred in accepting his plea, *Page 2 
because his decision to plead no contest was not knowing and voluntary. Elliott contends that his trial counsel pressured him into pleading no contest, rather than going to trial.
 {¶ 2} Based upon our review of the record, we conclude that it demonstrates merely that Elliott and his trial counsel differed in their respective assessments of Elliott's chances of acquittal, and that once the trial court decided not to grant Elliott's request to have new counsel appointed, Elliott freely chose to plead no contest immediately. We find no support for Elliott's argument that his trial counsel pressured him into pleading no contest. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} In February, 2006, Elliott was charged by indictment with one count of Breaking and Entering, a felony of the fifth degree, one count of Theft, a felony of the fourth degree, and one count of Possession of Drugs, a felony of the second degree. In March, 2006, Elliott was charged in a separate indictment with Engaging in a Pattern of Corrupt Activity, a felony of the first degree, and one count of Conspiracy to Engage in a Pattern of Corrupt Activity, a felony of the second degree. Elliott was assigned the same trial counsel in both cases.
 {¶ 4} After several continuances, trial of all the pending charges, in both cases, was scheduled to commence on August 15, 2006. At some point, a change of plea hearing was scheduled, instead, for August 15, 2006.
 {¶ 5} On August 10, 2006, Elliott filed his own, handwritten motion to have his *Page 3 
trial counsel dismissed and have new counsel assigned. That motion, in its entirety, reads as follows:
 {¶ 6} "On this 9th day of August 2006 I'm requesting to dismiss counsel from my cases. Due to Conflict of Interest. He's made the remarks after I made my decision to go to trial that I will be convicted. Also he's not a confident attorney. I feel that he's not working for me but against me. So I hereby request that the Court appoints me a new counsel."
 {¶ 7} We cannot determine, from the record, whether an understanding that the August 15, 2006 trial date was going to be a hearing on a change of plea, instead, preceded, followed, or was contemporaneous with Elliott's motion to substitute counsel.
 {¶ 8} At the hearing on August 15, 2006, the trial court began by considering Elliott's motion to substitute counsel:
 {¶ 9} "THE COURT: Thank you. Please be seated. We have two cases for consideration. Both are entitled the State of Ohio versus Jamie A. Elliott. It's Case 06CR22C and 06CR164. These matters are scheduled for A Change of Plea.
 {¶ 10} "As a preliminary matter, I would say that the Court received a filing today of a paper that was filed on August 10th, 2006, signed by Jamie Elliott. Mr. Elliott, have you talked to your Attorney about this communication?
 {¶ 11} ". . . .
 {¶ 12} "THE COURT: Okay. You're requesting new Counsel, is that right?
 {¶ 13} "MR. ELLIOTT: Yes, sir.
 {¶ 14} "THE COURT: Okay. And you want to tell me why that is? *Page 4 
 {¶ 15} "MR. ELLIOTT: I just feel uncomfortable with Mr. Farley. I wanted to go to trial, but I don't feel comfortable going to trial with him. I don't feel like he's workin' for me, I think he's workin' against me.
 {¶ 16} "THE COURT: Okay. You said in this — the paper that I received said, [whereupon the trial judge quotes Elliott's handwritten motion].
 {¶ 17} "So basically you disagree with his assessment of the case?
 {¶ 18} "MR. ELLIOTT: Yes, sir.
 {¶ 19} "THE COURT: So you think that you would be acquitted or you'd have a good chance of being acquitted at trial, basically?
 {¶ 20} "MR. ELLIOTT: I would hope so. I mean, I don't know for sure, but it's just I don't feel I'm guilty of the possession charge, sir.
 {¶ 21} "THE COURT: Okay. Well, you know, you don't have to enter a plea to anything if you decide you don't want to do that. It's your choice. And I don't have to appoint a new Attorney for you to go to trial. Mr. Farley can go to trial with you.
 {¶ 22} "MR. ELLIOTT: Correct. That's why I'm going in with the deal.
 {¶ 23} "THE COURT: Pardon me?
 {¶ 24} "MR. ELLIOTT: That's why I'm going in taking this plea bargain today.
 {¶ 25} "THE COURT: But you can go ahead — you can go to trial with Mr. Farley.
 {¶ 26} "MR. ELLIOTT: But I'm not comfortable going to trial with him, sir.
 {¶ 27} "THE COURT: Do you disagree on any matters concerning your defense? I mean, basically he thinks that you're probably going to be convicted and you think there's a chance that you won't be, is that basically it? *Page 5 
 {¶ 28} "MR. ELLIOTT: Yes, sir.
 {¶ 29} "THE COURT: Okay. And have you both gone over the evidence? I mean, have you gone over the discovery?
 {¶ 30} "MR. ELLIOTT: Yes, sir, I have.
 {¶ 31} "THE COURT: All right. And from your review of the evidence, do you think that you have a valid defense?
 {¶ 32} "MR. ELLIOTT: Somewhat. But I mean, he's brought some case laws that might hurt me.
 {¶ 33} "THE COURT: Okay. Do you need some time to talk with him alone about this?
 {¶ 34} "MR. ELLIOTT: No, sir.
 {¶ 35} "THE COURT: Have you had an opportunity to talk to him about your concerns?
 {¶ 36} "MR. ELLIOTT: Yes, sir, over the phone, and a little bit over, you know, a visit that he made to me last week.
 {¶ 37} "THE COURT: Pardon me?
 {¶ 38} "MR. ELLIOTT: A visit he made with me last week, we discussed some of it.
 {¶ 39} "THE COURT: Okay. Mr. Farley, what's your take on this? Are you able to communicate with your client?
 {¶ 40} "MR. FARLEY: I am, Your Honor. Mr. Elliott raised some concerns last week, that's why I took some case law over to the jail to try and address those concerns *Page 6 
that he may have had. And also, Mr. Elliott, he's reviewed the written discovery, but hasn't had a chance to listen to the audio tapes or watch the video tapes that I've had a chance to, and I've tried to communicate to him, my assessment after looking at those. So I believe that I have had the opportunity to communicate with him.
 {¶ 41} "THE COURT: All right. Mr. Elliott, do you wish to view the video tapes and audio tapes?
 {¶ 42} "MR. ELLIOTT: I would like to. I mean, I just went upon his recommendation to go ahead and take the deal, `cause he felt that I was gonna get more time than what I am already.
 {¶ 43} "THE COURT: Okay. As far as the deal, what is the proposed plea bargain?
 {¶ 44} "MR. FARLEY: Well, Your Honor, the possession charge carries with it a mandatory term of eight years, and the plea bargain is that all other charges, all other prison time run concurrent to that eight years.
 {¶ 45} "THE COURT: Okay. So it would be a jointly recommended sentence of concurrent sentencing with the eight year mandatory?
 {¶ 46} "MR. FARLEY: Correct.
 {¶ 47} "THE COURT: Mr. Elliott, do you want to enter your plea today; do you want to enter a plea of no contest to these charges or do you not want to do that? It's up to you.
 {¶ 48} "MR. ELLIOTT: Yes, sir. I mean, you're not giving me new Counsel, so yes, sir. *Page 7 
 {¶ 49} "THE COURT: Well, at this point you're able to communicate with each other, right?
 {¶ 50} "MR. ELLIOTT: Right.
 {¶ 51} "THE COURT: Okay. And basically in Mr. Farley's estimation he foresees a different result than maybe you do from the evidence that's been presented to you in discovery and so forth, right?
 {¶ 52} "MR. ELLIOTT: Yes, sir.
 {¶ 53} "THE COURT: He's had the benefit of looking at the video tapes and listening to the audio tapes and you have not, is that correct?
 {¶ 54} "MR. ELLIOTT: Yes, sir.
 {¶ 55} "THE COURT: Would you feel more comfortable if you saw the video tapes and listened to the audio tapes? Would that bring you more — would that raise your comfort level?
 {¶ 56} "MR. ELLIOTT: It probably would.
 {¶ 57} "THE COURT: Okay.
 {¶ 58} "MR. ELLIOTT: But I'm still gonna take the deal, sir.
 {¶ 59} "THE COURT: You what?
 {¶ 60} "MR. ELLIOTT: I'm just gonna go ahead and take this deal today.
 {¶ 61} "THE COURT: You're gonna go ahead and take the deal?
 {¶ 62} "MR. ELLIOTT: Yes, sir.
 {¶ 63} "THE COURT: I'll give you more time to look the evidence over if you wish.
 {¶ 64} "MR. ELLIOTT: That's all right, I'm just ready to get on with my time. *Page 8 
 {¶ 65} "THE COURT: Okay.
 {¶ 66} "MR. ELLIOTT: I mean, I've set in jail there for eight months. I'm just ready to get on with it.
 {¶ 67} "THE COURT: Okay. You realize of course you don't have to enter a plea today.
 {¶ 68} "MR. ELLIOTT: Yes, sir.
 {¶ 69} "THE COURT: We can take the matter to trial. You're entitled to a trial and that's what this building was built to do was to provide trials to people. We're ready, willing, and able to provide you with a trial. And Mr. Farley is ready, willing, and able to go to trial with you if that's what your decision is.
 {¶ 70} "MR. ELLIOTT: Yes, sir, I understand that.
 {¶ 71} "THE COURT: So what exactly do you want to do today?
 {¶ 72} "MR. ELLIOTT: Change the plea, sir.
 {¶ 73} "THE COURT: You want to change your plea?
 {¶ 74} "MR. ELLIOTT: Yes, sir.
 {¶ 75} "THE COURT: And enter a plea of no contest to these charges?
 {¶ 76} "MR. ELLIOTT: Yes, sir."
 {¶ 77} Whereupon, the trial court went through a thorough plea colloquy, in accordance with Crim. R. 11. In the course of that colloquy, the subject of Elliott's satisfaction with his assigned counsel routinely came up, resulting in the following discussion:
 {¶ 78} "THE COURT: Has Mr. Farley explained everything to you and answered *Page 9 
all your questions?
 {¶ 79} "MR. ELLIOTT: Yes, sir.
 {¶ 80} "THE COURT: Has he done everything you've asked him to do?
 {¶ 81} "MR. ELLIOTT: Yes, sir.
 {¶ 82} "THE COURT: And are you satisfied with his advice, counsel, and competence?
 {¶ 83} "MR. ELLIOTT: No, sir.
 {¶ 84} "THE COURT: Okay. And basically, do you want to tell me what you're dissatisfied about, as far as his advice, counsel, and competence?
 {¶ 85} "MR. ELLIOTT: I just don't feel like he's worked for me, sir.
 {¶ 86} "THE COURT: Okay. Is there anything in particular that caused you to think that?
 {¶ 87} "MR. ELLIOTT: I mean, I think he could have done a better job, I mean, get me a better deal, I mean, four of my Co-Defendants got a better deal than I did. I mean, I was willing to cooperate and everything else and obviously no one wanted to deal with me or whatever it was.
 {¶ 88} "THE COURT: Okay. And it's also true that at [sic, perhaps `least' has been omitted here] one other Co-Defendant is getting the same deal that you're getting?
 {¶ 89} "MR. ELLIOTT: Right, sir.
 {¶ 90} "THE COURT: Right.
 {¶ 91} "MR. ELLIOTT: But also, he was the ringleader too.
 {¶ 92} "THE COURT: Okay. But just basically, you think you should have got a *Page 10 
better deal than what you got?
 {¶ 93} "MR. ELLIOTT: Yes, sir.
 {¶ 94} "THE COURT: Is that basically it? Is there anything else about his representation that you're dissatisfied with other than that?
 {¶ 95} "MR. ELLIOTT: That's it.
 {¶ 96} "THE COURT: That's basically it?
 {¶ 97} "MR. ELLIOTT: Yes, sir."
 {¶ 98} The trial court proceeded with the plea colloquy, accepted Elliott's no-contest plea, and found Elliott guilty of all charges in both indictments. The trial court imposed sentence in accordance with the plea bargain: Elliott was sentenced to the mandatory eight-year sentence for Possession of Drugs, and all sentences were ordered to be served concurrently, for an aggregate sentence of eight years.
 {¶ 99} From his conviction and sentence, Elliott appeals.
 II {¶ 100} Elliott's sole assignment of error is as follows: {¶ 101} "THE COURT ERRED BY ACCEPTING MR. ELLIOTT'S CHANGE OF PLEA FROM NOT GUILTY TO NO CONTEST SINCE IT WAS NOT DONE VOLUNTARILY."
 {¶ 102} Elliott prefaces the argument section of his brief by noting that he "found himself between a rock and a hard place." This is a regular hazard of being arrested and charged with serious offenses. *Page 11 
 {¶ 103} Essentially, Elliott contends that his no-contest plea was not
voluntary, because he was required either to accept the proffered plea bargain, or go to trial with defense counsel who did not share his rosy estimate of his chances of acquittal. Nowhere does Elliott argue, and the record would furnish no support for, the proposition that his trial counsel violated his duty of professional representation by opining that Elliott stood little chance of acquittal. As the trial court noted, Elliott's trial counsel had had the benefit of viewing the videotapes and listening to the audiotapes in the State's possession before forming a pessimistic assessment of Elliott's chances, while Elliott had not had the opportunity to examine that evidence. The trial court was at pains to extend to Elliott the opportunity to view the videotapes and to listen to the audiotapes before making his final decision whether to plead no contest or to go to trial. Elliott chose not to do so, expressing a desire to go ahead and get the cases over.
 {¶ 104} Elliott does not argue that the trial court abused its discretion by denying his request to have new counsel appointed. Elliott is arguing that merely because his trial counsel had a pessimistic view of his chances of acquittal, at variance with Elliott's own, rosier view of his chances, that rendered involuntary Elliott's decision to plead no contest rather than to go to trial.
 {¶ 105} A defendant's incurably optimistic assessment of his chances of
acquittal, in the face of his trial counsel's more pessimistic assessment, does not render involuntary the defendant's decision to accept the advice of counsel and accept a plea bargain.
 {¶ 106} Elliott argues that he was forced to go to trial with a defense counsel *Page 12 
who "never indicated he was ready and able to proceed to trial." But the record does not reflect that Elliott's assigned counsel, who is presumed competent, was anything other than ready and able to go to trial. In fact, the trial court asserted, at one point, that: "And Mr. Farley is ready, willing, and able to go to trial with you if that's what your decision is." Defense counsel, who was present at the hearing, and who had participated in the hearing, would have had an obligation, as an officer of the court, to correct this statement by the trial judge if it had not been true. Defense counsel's silence at this point during the hearing implies his agreement that he was ready, willing, and able to proceed with Elliott's defense at trial, if Elliott preferred to take his chances in a trial.
 {¶ 107} We conclude that this record does not support Elliott's contention
that his decision to plead no contest to the charges against him was other than knowing and voluntary. Elliott's sole assignment of error is overruled.
 III {¶ 108} Elliott's sole assignment of error having been overruled, the
judgment of the trial court is Affirmed.
 GRADY and DONOVAN, JJ., concur. *Page 1